MATTER OF WONG

In Deportation Proceedings

A-13128473

`Decided by Board April 2, 1965`

Respondent, who has never been lawfully admitted to the United States for permanent residence, is statutorily ineligible for suspension of deportation under section 244(a)(1), Immigration and Nationality Act, as amended, since he is precluded from establishing continuous physical presence by reason of a 2-hour absence to Mexico in 1961 during the statutory period.* [*Wadman* v. *Immigration and Naturalization Service*, 329 F.2d 812 (1964), held inapplicable since respondent was not lawfully admitted for permanent residence.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(20) [8 U.S.C. 1182 (a)(20)]—No immigrant visa.

The issue is whether respondent has been physically present in the United States for a continuous period of not less than seven years from the date of his application for suspension of deportation.

Respondent, a 29-year-old single male alien, a native and citizen of China, illegally entered the United States on August 24, 1951 upon his false claim to United States citizenship; he has been in the United States continuously except for a visit of about two hours to Mexico in November 1961. He voluntarily appeared before the Service in 1962, and confessed that he was illegally in the United States; these deportation proceedings were brought. The special inquiry officer found respondent deportable, granted voluntary departure, denied suspension of deportation, and certified his order to the Board for final decision. No change will be made in the special inquiry officer's order.

---

* Overruled; *see* 358 F.2d 151 (C.A. 9, 1966), wherein the Court held that applicant's brief visit to Mexico did not bar him from consideration for suspension of deportation as a matter of law.

With one exception, an applicant for suspension of deportation under section 244(a)(1) of the Act is required to establish that he has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of his application. The exception relates to an alien who has served honorably for a minimum period "of twenty-four months in an active duty status in the Armed Forces" (section 244(b) of the Act (8 U.S.C. 1254(b)). The respondent attempted to establish that he was within the exception. He was inducted into the Armed Forces on August 8, 1958 and was transferred to the Reserves on July 30, 1960. He served in an active duty status for a total of one year, 11 months and 23 days; this service is several days short of the 24 months required to give respondent the exemption he claimed (*Matter of Peralta*, Int. Dec. No. 1290 (1963); *Matter of Louie*, Int. Dec. No. 1310 (1963)). Respondent must, therefore, establish that he meets the requirement of section 244(a)(1) concerning continuous physical presence.

The record establishes by affidavits submitted by the respondent, army record, and Service investigation, that respondent has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of his application (August 1, 1963) except for his two hour visit to Mexico in November 1961.

We have held than any absence in the required period, no matter how brief, will break the continuity of physical presence of an alien except that a "casual visit" as that term is explained in *Rosenberg* v. *Fleuti*, 347 U.S. 449 (1963), will not break the continuity of physical presence if the alien had been lawfully admitted for permanent residence (*Matter of Jacobson*, Int. Dec. No. 1413 (1964); *Matter of Wong*, Int. Dec. No. 1334 (1964). The effect upon our rule of a decision in the judicial circuit in which the respondent resides must be considered. In *Wadman* v. *Immigration and Naturalization Service*, 329 F.2d 812 (9th Cir., March 26, 1964), an alien whose commission of crime prior to his application for a visa made him ineligible for the issuance of a visa, nevertheless received a visa and entered the United States in 1955 upon surrender of the visa. He remained in the United States continuously except that in 1958 he spent five days of a vacation trip in Mexico. He was found deportable because his original entry had been illegal and he was refused suspension of deportation on the ground that his vacation trip broke the continuity of his physical presence. On judicial review, the court finding that *Fleuti* held that the return of a permanent resident

alien after a departure which was not "intended" was not to constitute an "entry" as that term was defined by section 101(a)(13) of the Act (8 U.S.C. 1101(a)(13)) and pointing to the protection from unsuspected risks afforded "the resident alien" rejected the contention that there is a distinction between the making of an "entry" and the concept of continuous physical presence and returned the case to the special inquiry officer to determine whether Wadman's departure had been a "significant one under the guides laid down in Fleuti" (at 816).

The court did not specifically discuss whether or not its determination applied to an alien whose original entry was illegal. Since the circuit court's analogy was to a situation which concerned a legally resident alien, since the court spoke of the resident alien and did not specifically state that its ruling applied to one who never had the status of a legal resident alien, since the court specified that the "guides laid down in Fleuti" were to be applied—guides which concern legally resident aliens, since the respondent has never been a legally resident alien, and since Wadman seeks to create an exception, we believe it proper to interpret *Wadman* narrowly and hold that it applies only to the alien who had been legally admitted for permanent residence and subsequently became deportable (cf. *Zimmerman v. Lehmann*, 339 F.2d 943 (1965)). The respondent having never had the status of a legally resident alien (section 101(a)(20), 8 U.S.C. 1101(a)(20)), we will apply the rule in *Matter of Jacobson, supra*, and hold that respondent has failed to establish that he possesses the continuous physical presence required by law of an applicant for suspension of deportation.

Apart from finding the respondent ineligible on the ground that he lacks the required physical presence, we would have no reason to rule the respondent either ineligible for relief or undeserving of relief.

ORDER: It is ordered that no change be made in the order of the special inquiry officer.